IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID W. JONES,

                Plaintiff,

v.

CITY OF ATLANTA, et al.,

                Defendants.

1:13-cv-2669-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [45] ("R&R") recommending that Defendants Yvonne Cowser Yancy ("Yancy") and Kristi Matthews's ("Matthews") (together, "Movants") Motion to Dismiss [18] ("Motion") be denied.

I.    **BACKGROUND**

On August 12, 2013, Plaintiff David W. Jones ("Plaintiff") filed his Complaint [1] against the City of Atlanta ("Atlanta"), Mohammed Kasim Reed ("Reed"), the Mayor of Atlanta, Yancy, the Commissioner of the Department of Human Resources for Atlanta, and Matthews, the Labor Relations Director for Atlanta (together, "Defendants"), asserting claims of racial and age

discrimination.[1]  On April 16, 2014, Plaintiff filed his Amended Complaint [15] ("Amended Complaint").[2]

Plaintiff, in his Amended Complaint, alleges that he is a 60-year-old white male citizen of the United States who presently lives in Galesburg, Illinois. (Amended Complaint ¶ 3).  On or about October 9, 2001, Plaintiff began working for Atlanta as a Labor Relations Specialist in the Department of Human Resources, and was continuously employed by Atlanta for over eleven years.  (Id. ¶¶ 13-14).  Plaintiff alleges that when he began his employment, the Department of Human Resources employed a racially diverse group of individuals, approximately 20% of whom were Caucasian and approximately 80% of whom were African American. (Id. ¶ 15).  While he worked for Atlanta, Plaintiff was promoted several times to positions of progressive responsibility, and he received "Highly Effective" or "Outstanding" performance ratings in all but one year, and has no record of any disciplinary action during his entire tenure with Atlanta.  (Id. ¶¶ 16-18).

Plaintiff alleges that, in or about April 2011, Reed appointed Yancy as Commissioner of the Department of Human Resources.  (Id. ¶ 19).  Shortly

---

[1] Atlanta and Reed did not join Defendant's Motion.
[2] Plaintiff's Amended Complaint asserted claims against Reed, Yancy, and Matthews in bother their official and individual capacity.  On May 22, 2014, the Parties filed a consent motion to dismiss [17] with prejudice the claims against these defendants in their official capacity, which the Court granted on June 2, 2014.

2

thereafter, Yancy terminated every senior employee over the age of 50. (Id. ¶ 20). In January 2012, Atlanta reorganized its reporting structure which resulted in Plaintiff being reassigned to the Department of Human Resources and having to report to Yancy. (Id. ¶¶ 31-32).

After being reassigned to Yancy, Plaintiff advised Yancy of concerns he had about the human resources reorganization and her publicly stated intention to utilize personnel paid by Atlanta's Water Revenue Fund to provide citywide training. (Id. ¶¶ 33-34). On or about February 13, 2012, Yancy placed Plaintiff on administrative leave with pay, pending the result of an investigation into anonymous complaints of misconduct by Plaintiff. (Id. ¶ 35). Plaintiff alleges that, at Yancy's direction, Matthews authored and engineered a pretextual investigation regarding the anonymous complaints. (Id. ¶ 36).

On or about February 28, 2012, Plaintiff received a copy of the anonymous complaints, and the next day, he provided a written response to them, in which he denied all the allegations as being factually untrue. (Id. ¶ 38). He also identified individuals who could refute the allegations, but Matthews allegedly did not interview these individuals during the investigation. (Id. ¶ 41). Plaintiff alleges that the interviews Matthews conducted consisted of a series of specific questions that were crafted in a way to elicit the response that Plaintiff engaged in offensive

behavior and unethical conduct, and that Matthews did not ask questions regarding Plaintiff's overall character or management style.  (Id.).

The investigation concluded that Plaintiff wrongfully disclosed confidential information.  (Id. at 42).  Plaintiff asserts that this conclusion was not true and was fabricated because the salary paid to a public employee is not confidential information.  (Id.).  The investigation also concluded that Plaintiff engaged in offensive conduct.  (Id. at 43).  Plaintiff asserts that this conclusion was not true and was fabricated because the allegedly offensive conduct was only his paraphrasing of a joke told by the Corrections Chief, an African American department head, who was not disciplined for originally telling the same joke.  (Id.).

On or about April 11, 2012, Plaintiff submitted a written request to take intermittent leave under the Family Medical Leave Act ("FMLA") for the treatment of a chronic serious health condition.  (Id. ¶ 39).  On or about April 13, 2012, Yancy informed Plaintiff that his employment would be terminated upon his return from FMLA leave.  (Id.¶ 44).  Plaintiff alleges that Yancy's actions were taken after consultation with Matthews, and that his termination was pretextual including because it was based on an incomplete, result-oriented investigation, was not in accordance with the City Code's progressive disciplinary

policy, did not consider Plaintiff's past performance as required, and that anonymous complaints have never before been used to terminate an Atlanta employee. (Id. ¶¶ 41, 44).

Plaintiff alleges that his predecessor was an African American male who earned more than Plaintiff, and his successor who was appointed to the position immediately upon Plaintiff's termination, was an African American female approximately 11 years younger than Plaintiff who was compensated at almost one and one half times more than Plaintiff. (Id. ¶ 46).

Plaintiff further alleges that the restructured Department of Human Resources under Yancy, who is African American, has increased in size to approximately 100 employees, of whom approximately 5% are Caucasian, and the remaining 95% are African American. (Id. ¶¶ 6, 48). Plaintiff alleges that Atlanta in general and the Department of Human Resources in particular, under the direction of Yancy, is and has been engaged in a systematic effort to reduce the number of Caucasians working for the City. (Id. ¶ 49). Plaintiff asserts that the reduction in the number of Caucasian employees and increase in the percentage of African American employees in Atlanta reflects a significant underutilization of a protected class (Caucasian), while favoring another protected class (African American), in violation of public policy, the City Code of Ordinances, and federal

law.  (Id. ¶¶ 49-50).  On or about May 9, 2012, Plaintiff was offered and accepted the position of Human Resources and Risk Manager for the City of Galesburg, Illinois.  (Id. ¶ 51).

On or about April 18, 2012, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") in which he alleged age and race discrimination.  (Id. ¶ 10).  Plaintiff exhausted his administrative remedies, and the EEOC issued him a Notice of Right to Sue letter for each charge.  (Id.)

Plaintiff, in his Complaint, asserted four claims against Defendants.  On May 23, 2014, Movants filed their Motion, seeking to dismiss only Plaintiff's claim against them in their individual capacity--Plaintiff's § 1983 claim asserting that Defendants violated his right under the Fourteenth Amendment to equal protection of the law--on the grounds that they are entitled to qualified immunity.

On November 26, 2014, the Magistrate Judge issued his R&R, recommending that the Motion be denied.  Movants did not file objections to the R&R.

## II. DISCUSSION

### A. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

  B. Analysis

Plaintiff's § 1983 claim asserts that Movants violated Plaintiff's right to equal protection of the law under the Fourteenth Amendment when they terminated him because of his race.  (Complaint ¶ 52b).[3]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  Charles v. Scarberry, 340 F. App'x 597, 599 (11th Cir. 2009) (citing Arrington v. Cobb Cnty., 139 F.3d 865,

---

[3] Plaintiff's Complaint , after Paragraph 52, restarts its numbering at Count I with "45." (Complaint at 16).  For the purposes of this Order, the Court will add a "b" to any citation to the Complaint where the Court is referring to the second time a numbered paragraph appears.

872 (11th Cir. 1998)).  The parties do not dispute that the Movants are state actors and were acting "under color of state law."  The only issue is whether Movants' alleged conduct deprived Plaintiff of "a right, privilege, or immunity secured by the Constitution or a statute of the United States."  See id.

The Equal Protection Clause of the Fourteenth Amendment states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.  "In order to state an equal protection claim, the plaintiff must prove that he was discriminated against by establishing that other similarly-situated individuals outside of his protected class were treated more favorably."  Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009). Protected classes include such classes as "race, religion, sex, or national origin." Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (citing Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 594-95 (2008)).

Plaintiff alleges that Movants terminated his employment because of his race, and he alleges that Yancy's hiring practices "reflect[] a significant underutilization of a protected class (Caucasian) while favoring another protected class (African American)."  (Complaint ¶ 50).  Plaintiff alleges also that he was treated differently than an African American who engaged in the same conduct for which Plaintiff's employment was terminated.  (Id. at 43).

Movants do not assert that Plaintiff's Complaint fails to allege sufficient factual matter to state an Equal Protection claim.  Movants assert that they are entitled to qualified immunity and that, therefore, Plaintiff's § 1983 claim must be dismissed.

Qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known."  Bashir v. Rockdale Cnty., Ga., 445 F.3d 1323, 1327 (11th Cir. 2006).  "This immunity allow[s] government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, and protects all but the plainly incompetent or one who is knowingly violating the federal law."  Id.  (internal citations and quotations omitted).

"To even be potentially eligible for summary judgment due to qualified immunity, the official must have been engaged in a 'discretionary function' when he performed the acts of which the plaintiff complains."  Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1263-64 (11th Cir. 2004).  "It is the burden of the governmental official to make this showing."  Id. at 1264.  If the defendant can show that he was engaging in a discretionary function, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right; and (2) this

right was clearly established at the time of the alleged violation, such that a reasonable official would understand that what he is doing violates that right. Bryant v. Jones, 575 F.3d 1281, 1295 (11th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001). "If a court, after viewing all the evidence in the light most favorable to the plaintiff and drawing all inferences in his favor, determines that the plaintiff has satisfied these two requirements, the defendant may not obtain qualified immunity." Id. at 1295 (citing Holloman, 370 F.3d at 1264).

The Magistrate Judge noted that it was undisputed that Movants were acting within their discretionary authority when they terminated Plaintiff's employment. (R&R at 14-15). The Court finds no plain error in this conclusion. See Slay 714 F.2d at 1095.[4]

The Magistrate Judge concluded that Plaintiff sufficiently alleged a claim of discriminatory discharge. (R&R at 15). The Magistrate Judge noted that the Complaint expressly alleges that Movants terminated Plaintiff because of his race, that Yancy engaged in a pattern of discriminatory hiring against Caucasians, that Matthews's conduct from the investigation into Plaintiff's alleged misconduct suggested that it was a mere pretext for a termination decision already made, and

---

[4] Movants assert that they were acting within their discretionary authority and Plaintiff does not dispute this assertion in his Response [26] to the Motion. Movants assertion is deemed to be unopposed.

that an African American colleague was not punished for the same conduct for which Plaintiff was punished. (Id.). The Magistrate Judge, noting that at this stage in the litigation he must accept Plaintiff's factual allegations as true, found that Plaintiff's allegations were sufficient to allege an Equal Protection violation. (Id. at 15-16). The Court finds no plain error in these findings and conclusion. See Slay 714 F.2d at 1095; Amnesty, 559 F.3d at 1180.

The Magistrate Judge also concluded that in 2012, when Plaintiff was terminated, the law was clearly established that a public employer who discriminates against an employee on the basis of race violates the Equal Protection rights of the employee. (R&R at 17). ). The Court finds no plain error in this finding and conclusion. See Slay 714 F.2d at 1095; Smith v. Lomax, 45 F.3d 402, 407 (11th Cir. 1995) ("We need not engage in a lengthy discussion of the patently obvious illegality of racial discrimination in public employment . . . . As we stated in *Yeldell,* '[i]t can hardly be argued that . . . intentional race discrimination in the workplace' [does] not violate the Fourteenth Amendment.") (quoting Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1064 (11th Cir. 1992)).

Movants, citing Rioux v. City of Atlanta, Ga. and Johnson v. City of Fort Lauderdale, Fla., assert that even if they acted with a discriminatory intent, their

11

decision to terminate Plaintiff was objectively reasonable and based on valid and lawful reasons. (Motion at 4-5). In Rioux, the Eleventh Circuit discussed how a court is to analyze a "mixed-motive" case where there are both discriminatory reasons and objectively proper reasons to take an adverse employment action, noting that "[c]learly established law provides that state officials 'can be motivated, in part, by a dislike or hostility toward a certain protected class to which a citizen belongs and still act lawfully . . . .'" Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1283 (11th Cir. 2008) (quoting Foy v. Holston, 94 F.3d 1528, 1534 (11th Cir. 1996)). The Rioux Court noted that "state officials act lawfully despite having discriminatory intent, where the record shows they would have acted as they, in fact, did act even if they had lacked discriminatory intent." Id. The Eleventh Circuit, in Johnson, similarly concluded that even where "the defendants acted with some discriminatory or retaliatory motives in demoting and discharging [plaintiff], the law did not clearly establish that a reasonable official faced with the same evidence of disobedience and deception should not have disciplined [plaintiff] in the same manner." Johnson v. City of Fort Lauderdale, Fla., 126 F.3d 1372, 1379 (11th Cir. 1997).

The Magistrate Judge noted that Rioux and Johnson do not apply here, because they both were appellate review of decisions on motions for summary

judgment where the courts had the benefit of developed factual records and were not required to simply accept the allegations in the complaints as true. (R&R at 19). Movants assert that Plaintiff concedes that "he was the subject of multiple complaints alleging misconduct" and that they concluded that "Plaintiff was guilty of making offensive and degrading comments and breaching confidentiality in violation of [Atlanta's] personnel policies and expectations." (Motion at 5-6). The Magistrate Judge correctly noted that Movants' mischaracterized Plaintiff's allegations. Plaintiff alleged that the investigation on which his termination was based was pretextual to disguise a discharge based on discrimination, that he had not disclosed confidential information, that he had not violated Atlanta's personnel policies, and that the findings against him were fabricated to provide a false and pretextual basis to terminate him based on his age, race, or both. (R&R at 19-21). The Magistrate Judge, accepting the allegations in the Complaint as true, concluded that the allegations could not support that Plaintiff's termination was objectively reasonable. (Id. at 20-21). The Court finds no plain error in these findings and conclusions. See Slay 714 F.2d at 1095.[5]

---

[5] The R&R states that "Yancy and Matthews, in their individual capacities, are not entitled to qualified immunity." (R&R at 21). The Court adopts this conclusion to the extent it is intended to mean at this stage in the litigation. Whether Movants are entitled to qualified immunity in this case requires a developed factual record.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [45] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Movants Yvonne Cowser Yancy and Kristi Matthews's Motion to Dismiss [18] is **DENIED**.

**SO ORDERED** this 18th day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE